**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3387-17T4

ROBERT J. TRIFFIN,

    Plaintiff-Appellant,

v.

ZURICH AMERICAN
INSURANCE COMPANY,
a/k/a ZURICH,

    Defendant-Respondent,

and

CRISTIAN JEREZ,

    Defendant.

_____

Argued March 6, 2019 – Decided March 22, 2019

Before Judges Fuentes and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. DC-004242-16.

Robert J. Triffin, appellant, argued the cause pro se.

Walter F. Kawalec, III argued the cause for respondent (Marshall Dennehey Warner Coleman & Goggin, attorneys; Walter F. Kawalec, III on the brief).

PER CURIAM

Plaintiff Robert J. Triffin appeals from an order granting summary judgment to defendant Zurich American Insurance Company (Zurich) and dismissing his complaint, which sought damages based on an allegedly dishonored check issued by defendant.  We reverse and remand for further proceedings.

Plaintiff's complaint alleged he is the assignee of the rights to a dishonored check (No. 1440050929) that was issued by defendant, drawn on defendant's account with JPMorgan Chase Bank, NA, and made payable to Cristian Jerez. He alleged Jerez endorsed the check to Pennsauken Check Cashing, which paid the full amount of the check to Jerez.  Plaintiff further alleged Zurich stopped payment on the check and it was then dishonored by JPMorgan Chase Bank, NA, after presentment by Pennsauken Check Cashing.  Plaintiff purchased the dishonored check from Pennsauken Check Cashing, which assigned its rights under the check to plaintiff.  In his complaint, plaintiff sought damages for the face amount of the check, the assignor's $85 returned check fee, $250 for

2

consolidated credit reporting and access maintenance fees and $1.97 of prejudgment interest.

Defendant moved for summary judgment. In support of the motion, defendant submitted an affidavit from a financial analyst in its finance and treasury department asserting defendant's records showed defendant never stopped payment on the check and that the check was "presented and paid in full." Attached to the affidavit is a copy of the front and back of the check, which the affiant asserted bore Jerez's endorsement and was stamped with a statement that the check was paid to the order of Republic Bank "for deposit only" in the account of Pennsauken Check Cashing. The affiant asserted the check and defendant's records thus established that the check "was not dishonored by [defendant], and so far as [defendant] can determine the full amount of the check was paid to Pennsauken Check Cashing in a timely fashion following the issuance of [the] check."

It appears defendant's motion was also supported by a statement of material facts as required under Rule 4:46-2(a), because plaintiff submitted a "REPLY TO [Defendant's] STATEMENT OF MATERIAL FACTS." The record on appeal, however, does not include defendant's statement of material facts because neither plaintiff nor defendant included the statement in their

appendices.   In opposition to defendant's motion, plaintiff submitted the affidavit of Pennsauken Check Cashing's general manager, who stated that on July 9, 2015, Pennsauken Check Cashing cashed the check for Jerez.  He further averred that the check was dishonored by JPMorgan Chase, NA, "as a 'Refer To Maker' item" and was not paid.

The court granted defendant's summary judgment motion.  In a written statement of reasons, the court summarized the parties' arguments and the conflicting affidavits and determined "the check was presented and paid in full." The court explained that it "did not find [p]laintiff's documents filed in support of his claims to be credible for the truth of the matter asserted at argument."[1] Following entry of an order granting defendant's summary judgment motion, plaintiff appealed.

When reviewing an order granting summary judgment, we apply the same standard the trial court applies in deciding a summary judgment motion.  State v. Perini Corp., 221 N.J. 412, 425 (2015).  Summary judgment is appropriate if the record demonstrates "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law."  Burnett

---

[1]  The record on appeal does not include a transcript of any argument on the summary judgment motion.

v. Gloucester Cty. Bd. of Chosen Freeholders, 409 N.J. Super. 219, 228 (App. Div. 2009) (quoting R. 4:46-2(c)). Issues of law are subject to the de novo standard of review, and the trial court's determination of such issues is accorded no deference. Kaye v. Rosefielde, 223 N.J. 218, 229 (2015).

On a motion for summary judgment, "[i]t [is] not the court's function to weigh the evidence and determine the outcome but only to decide if a material dispute of fact existed." Parks v. Rogers, 176 N.J. 491, 502 (2003) (quoting Gilhooley v. Cty. of Union, 164 N.J. 533, 545 (2000)). The presence of a genuine issue of material fact precludes summary judgment. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Measured against these principles, we are constrained to reverse the court's summary judgment award. Plaintiff's claims are founded on the assertion that the check was dishonored. Defendant's summary judgment motion is based on the claim that it is entitled to summary judgment because, as a matter of undisputed fact, the check was not dishonored. The affidavits submitted by the parties, however, present an issue of fact at the center of plaintiff's claims and defendant's summary judgment motion: was the allegedly dishonored check actually dishonored?

A-3387-17T4

The court resolved that genuine issue of material fact by incorrectly weighing the evidence. The court rejected the affidavit submitted on plaintiff's behalf as not credible and accepted the affidavit supporting defendant's motion as credible. See In re Estate of DeFrank, 433 N.J. Super. 258, 266 (App. Div. 2013) ("It is ordinarily improper to grant summary judgment when a party's . . . credibility is in issue."). It was upon this credibility determination that the court erroneously found there was no genuine issue of material fact as to whether the check was dishonored. We will not repeat the error on our de novo review, and reverse the court's summary judgment order.

Our decision is based on the record presented on appeal. The record is limited. The parties did not supply defendant's statement of material facts, R. 4:46-2(a), and we are therefore without the entire record presented to the motion court. The record presented, however, shows defendant relies on an argument it did not assert before the motion court. Defendant contends that even if the check was dishonored, plaintiff's claims must be dismissed as a matter of law because neither plaintiff nor the assignor, Pennsauken Check Cashing, are holders in due course.[2] See N.J.S.A. 12A:3-302; Triffin v. Pomerantz Staffing

_____

[2] The affidavit submitted in support of defendant's summary judgment motion, the affidavit submitted by plaintiff in opposition and the court's written

A-3387-17T4

Servs., LLC, 370 N.J. Super. 301, 307-309 (App. Div. 2004). We decline to address the argument because it was not raised before the motion court and does not "go to the jurisdiction of the trial court or concern matters of great public interest." State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

Moreover, although we consider an award of summary judgment de novo, "our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa," Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 302 (App. Div. 2018), and we are otherwise not convinced the record presented on appeal permits a dispositive determination under the summary judgment standard concerning plaintiff's and Pennsauken Check Cashing's status as holders in due course.

We reverse the court's order granting defendant's summary judgment motion, and remand for further proceedings. Because the court made credibility determinations in its disposition of the summary judgment motion, on remand the matter shall be assigned to a different judge.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

statement of reasons, which includes a summary of the parties' arguments, do not assert, address or mention any claim that the complaint should be dismissed because either plaintiff or Pennsauken Check Cashing is not a holder in due course.

A-3387-17T4